UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMUAL S. BURKS,
    Plaintiff,

vs

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, *et al*.,
    Defendants.

Case No. 1:20-cv-93

Cole, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action against the Ohio Department of Rehabilitation and Correction (ODRC), Governor Mike DeWine, Sergeant Pitzen, Corrections Officer Keating, and Corrections Officer Weaver for events allegedly occurring at three different prisons. (Doc. 1-1). The Court understands the complaint to be filed under 42 U.S.C. § 1983.[1] By separate Order issued this date, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1]*See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

**I.       Screening of Complaint**

**A.      Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

2

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff asserts that he is bringing this action because corrections officers allegedly have assaulted him and other inmates and have lied about him since he arrived at the ODRC. Plaintiff also asserts that investigators have threatened him. Plaintiff alleges the following

3

incidents: An officer at the Toledo Correctional Institution used racial slurs against plaintiff "out of religious hate" and assaulted him, an officer at "Lebanon" lied about him "to screw [his] bid up," and defendant Keating "just" poured a "feces" bottle over plaintiff's property and cell in restrictive housing. (Doc. 1-1, at PageID 5). Plaintiff alleges generally that the corrections officers want the inmates to blame themselves for the officers' mistakes. Plaintiff states, "I never did 90% percent of the things they claimed I did" and that the "reason I do . . . what I (do) [sic] . . . is cause of my environment." (*Id.*). Plaintiff claims that he is mentally scared and that he signed out of mental health because "they don't care at all about inmates." (*Id.*). Plaintiff asserts that he needs help "on many levels of society." (*Id.*).

For relief, plaintiff seeks punitive damages. (*Id.* at PageID 5-6).

**C.      Analysis of the Complaint**

Liberally construed and without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendant Keating, in his individual capacity, with respect to plaintiff's allegations that defendant Keating poured human waste over plaintiff's cell and property. *See Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990) ("[W]e note courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste."). *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, the complaint should otherwise be dismissed for failure to state a claim.[2]

Plaintiff's claims against Governor DeWine are subject to dismissal. It is well-settled

---

[2]Claims based on events occurring at separate prisons are generally not related and may not be brought in the same lawsuit. *Bealer v. Kern Valley State Prison,* No. 1:16-cv-367, 2017 WL 1272368, at *2 (E.D. Cal. Jan. 27, 2017). However, the Court need not determine in this case whether plaintiff's claims are properly joined. For the reasons stated herein, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted with the exception of the above-described claim against defendant Keating.

4

that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel.  *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).  "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate."  *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").  Plaintiff has not alleged any facts even remotely suggesting that defendant DeWine was involved in any of the alleged unconstitutional behavior.

Next, plaintiff has failed to state a claim against the ODRC under § 1983.  To state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law.  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991).  The ODRC is not a "person" within the meaning of § 1983.  *See Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003).  Further, the ODRC, a state agency, is immune from § 1983 liability under the Eleventh Amendment.  *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986).  Therefore, plaintiff's § 1983 claims should be dismissed as to the ODRC.

Plaintiff's claims against any individual defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Plaintiff's claims that he was subject to verbal abuse also warrant dismissal. It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo*, 499 F. App'x

6

at 455; *see also Chilcott v. Erie Cty. Domestic Relations*, 283 F. App'x 8, 11 (3d Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of racial slurs and other insults, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677–78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)). *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

Similarly, plaintiff has failed to state a claim against any defendant for allegedly filing a false conduct report. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr,* No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra,* 2012 WL 275166, at *2 (citing *Sandin v. Conner,* 515 U.S. 472, 485 (1995)). Here, plaintiff's allegations do not suggest that a liberty interest that triggers due process protections was at issue. *See Sandin*, 515 U.S. at 485.

Finally, plaintiff's remaining claims should be dismissed. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

7

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The remaining allegations in plaintiff's complaint provides no more than "naked assertion[s]" devoid of "further factual enhancement," which are insufficient to state a claim upon which may be granted. *Twombly*, 550 U.S. at 557.

Accordingly, in sum, the complaint may proceed at this juncture against defendant Keating, in his individual capacity, with respect to plaintiff's allegation that defendant Keating poured human waste over plaintiff's cell and property. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

However, it does not appear that plaintiff has provided a summons or United States Marshal form so that service may be issued on defendant Keating. Plaintiff is therefore **ORDERED** to submit a summons form and a United States Marshal form for defendant Keating **within thirty (30) days** of the date of this Order. Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claim against defendant Keating, in his individual capacity, for allegedly pouring human waste over plaintiff's cell and property.

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff is **ORDERED** to submit a completed summons and United States Marshal form for defendant Keating.

2. The **Clerk of Court** is **DIRECTED** to send to plaintiff a summons form and a United States Marshal form for this purpose. Upon receipt of the completed summons and United States Marshal form, the Court shall order service of process by the United States Marshal in this case.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

| | |
|---|---|
| May 11, 2020 | *Karen L. Litkovitz* |
| Date | Karen L. Litkovitz |
| | United States Magistrate Judge |

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMUAL S. BURKS,
    Plaintiff,

vs

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION, et al.,
    Defendants.

Case No. 1:20-cv-93

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).