UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMUAL S. BURKS,**

    **Plaintiff,**

    v.

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION,**

    **Defendant.**

Case No. 1:20-cv-93
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 8), which recommends dismissing Plaintiff Jamual Burks' Complaint (Doc. 7), with the exception of a single claim against Defendant Keating, and Burks' Objection (Doc. 10) to that R&R. For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 8) in full, **OVERRRULES** Burks' Objection (Doc. 10), and **DISMISSES** Burks' claims against all Defendants **WITH PREJUDICE** except for Burks' claim that Keating smeared human feces on Burks' cell and personal property. To the extent that Burks' Objection (Doc. 10) instead concerns the Magistrate Judge's Order (Doc. 9) denying Burks' Motion to Appoint Counsel (Doc. 3), the Court also **OVERRULES** the Objection (Doc. 10).

### BACKGROUND

On February 3, 2020, Burks initiated this action by filing a Motion for Leave to Proceed in Forma Pauperis. (Doc. 1). At that time, Burks failed to submit a Summons and United States Marshal form for all defendants. (Docket Entry, Doc. 1).

On February 24, 2020, Magistrate Judge Karen Litkovitz filed a Deficiency Order (Doc. 2) stating that Burks had failed to submit a certified copy of his trust fund account statement as required to proceed in forma pauperis under the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2). The Magistrate Judge therefore ordered Burks to pay the $400 filing and administrative fees. (Deficiency Order, Doc. 2, #13). The Magistrate Judge also ordered Burks to submit the required summons and United States Marshal form for each defendant named in the Complaint. (*Id.*).

On March 25, 2020, Burks moved for an extension of time to comply with the Deficiency Order (Doc. 2) and also moved for appointment of counsel. (Mot. for Extension of Time and Appointment of Counsel, Doc. 3). On April 1, 2020, the Magistrate Judge issued an Order (Doc. 4) granting Burks' Motion (Doc. 3) only to the extent that the Motion sought an extension of time. The Magistrate Judge granted a thirty-day extension. (Order Granting Mot. for Extension of Time, Doc. 4). On April 10, 2020, Burks filed his Prisoner Trust Fund Account Statement. (Doc. 5). He did not, however, file the required summons and United States Marshal form.

The Complaint was filed in this action on May 11, 2020 (Doc. 7), after the Magistrate Judge granted Burks leave to proceed in forma pauperis. (Doc. 6). It includes claims against Governor Mike DeWine, Sergeant Pitzen of the Toledo Correctional Institution, Corrections Officer Keating of the Southern Ohio Correctional Facility, and Corrections Officer Weaver of the Lebanon Correctional Institution, as well as the Ohio Department of Rehabilitation and Correction ("ODRC"). (Compl., Doc. 7, #29). He alleges that officers at the facility or facilities

where he was incarcerated have assaulted, "lied upon," and threatened him. (*Id.* at #30). Burks also alleges that officers referred to him using a racial slur and that Keating poured human feces on his cell and personal property. (*Id.*). Finally, Burks appears to allege that one or more unnamed officers filed a false conduct report against him. (*Id.*).

On the same day that the Complaint was filed, May 11, 2020, Magistrate Judge Litkovitz filed her R&R analyzing the Complaint pursuant to her sua sponte screening obligations. (Doc. 8). The Magistrate Judge construed Burks' Complaint (Doc. 7) as alleging violation of Burks' constitutional rights under 42 U.S.C. § 1983. (R&R, Doc. 8, #32). The Magistrate Judge determined that only Burks' allegation against Keating in his individual capacity regarding Keating's alleged act of smearing human feces on Burks' cell and property stated a claim for which relief could be granted. (*Id.* at #39).

Otherwise, the Magistrate Judge recommended that Burks' claims be dismissed with prejudice. (*Id.*). With respect to Governor DeWine, the Magistrate Judge found that Burks failed to allege DeWine had any supervisory or other involvement with the alleged events at issue, and noted that respondeat superior is not an available theory of liability under § 1983. (*Id.* at #35–36 (citing *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam))). As for the ODRC, the Magistrate Judge concluded that it is not a "person" within the meaning of § 1983, and that it also enjoys Eleventh Amendment immunity as a state agency. (R&R, Doc. 8, #36 (citing *Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922,

3

923 (6th Cir. 2003) and *Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472–73 (1987))). With respect to Burks' official-capacity claims, the Magistrate Judge observed that they are really claims against the state agency that employs the officer, in this case the ODRC. Thus, Burks' official-capacity claims are likewise barred by Eleventh Amendment immunity. (R&R, Doc. 8, #37 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) and *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989))).

The Magistrate Judge also concluded that Burks' individual-capacity claims that he was subjected to racial slurs and other verbal harassment warrant dismissal because such conduct does not create a constitutional violation. (R&R, Doc. 8, #37 (citing *Wingo*, 499 F. App'x at 455)). Similarly, the Magistrate Judge held that a false conduct report would only amount to a constitutional violation if it deprived Burks of a liberty interest without due process, which Burks had not alleged. (R&R, Doc. 8, #37–38 (citing *Reeves v. Mohr,* No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012))). And the Magistrate Judge concluded that the remaining factual allegations (except for the allegation that Officer Keating smeared human feces on Burks' cell and personal property) should be dismissed as lacking sufficient supporting factual detail. (R&R, Doc. 8, #38–39).

On May 18, 2020, the Magistrate Judge denied Burks' request for appointment of counsel. (Order Denying Mot. to Appoint Counsel, Doc. 9). The Magistrate Judge noted that indigent plaintiffs in civil suits ordinarily have no right to counsel, and that Congress has appropriated no funds to pay such counsel in cases like this. (*Id.*

4

at #42). The Magistrate Judge reviewed the Court's usual practice of making "every effort" to appoint counsel in cases that proceed to trial, and in "exceptional circumstances" at earlier stages of the litigation. (*Id.* at #43). The Magistrate Judge concluded that no such circumstances pertain in this case. (*Id.*).

On May 27, 2020, Burks filed what he characterized as an Objection (Doc. 10) to the Magistrate Judge's R&R (Doc. 8). It consisted, in its entirety, of a single paragraph. The only express reference it made to either of the Orders was to object to the Magistrate Judge's ruling on the motion to appoint counsel (Doc. 3). And, even on that front, Burks did not object so much as ask for additional time to find pro bono counsel. (Obj., Doc. 10, #44). Along with the same document, Burks also filed his Summons and U.S. Marshal form with respect to Keating, the defendant against whom the R&R recommends allowing this matter to proceed. (*Id.* at #45–47).

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at

5

*1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Where there is no proper objection to an R&R concerning a dispositive matter, a district court should still satisfy itself that there is no "clear error on the face of the record" before accepting the R&R. Fed. R. Civ. P. 72(b) (advisory committee notes).

When a party objects to a Magistrate Judge's order concerning a nondispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Magistrate Judge reviewed Burks' Complaint (Doc. 7) pursuant to her sua sponte screening obligations. Congress has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Again, a complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting

6

*Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Still, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

In making that determination, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation omitted). That is so, however, only as to factual allegations. The Court need not accept as true Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546–47.

## LAW AND ANALYSIS

Under the standards discussed above, Burks' purported Objection (Doc. 10) to the Magistrate Judge's R&R (Doc. 8) fails to properly object to any portion of the R&R. Burks does not refer to the R&R, much less to any specific portion of the R&R or any specific factual or legal error therein. Instead, Burks' Objection (Doc. 10) only renews Burks' request for appointment of counsel, which the Magistrate Judge denied in a separate Order (Doc. 9). Burks' Objection also states generally that Burks has

7

experienced hardship during his incarceration and lacks trust in the government. (*See* Doc. 10 at #44). This likewise does not constitute a proper objection to the R&R.

Moreover, having reviewed the Magistrate Judge's R&R, the Court is satisfied that there is no "clear error on the face of the record." Fed. R. Civ. P. 72(b) (advisory committee notes). Burks sues under 42 U.S.C. § 1983, which prohibits any person "under color of any statute, ordinance, regulation, custom, or usage, of any State" from depriving a United States citizen or other person within the jurisdiction thereof "of any rights, privileges or immunities secured by the Constitution and laws."

In a well-reasoned opinion, the Magistrate Judge concludes that some of the Defendants in this action have Eleventh Amendment immunity or are not "persons" suable within the meaning of § 1983. (R&R, Doc. 8, #36–37). The Magistrate Judge also explains that, with one exception, the factual allegations in Burks' Complaint (Doc. 7) either fail as a matter of law or are too vague to state a claim. (R&R, Doc. 8, #37–39). The Court finds no clear error in any of the Magistrate Judge's legal or factual conclusions.

If, on the other hand, Burks' Objection (Doc. 10) is really directed toward the Magistrate Judge's Order (Doc. 9) denying his Motion to Appoint Counsel (Doc. 3), rather than the R&R (Doc. 8), the Objection still fails. To start, as noted above, Magistrate Judge Orders on nondispositive issues are reviewed only under a "clearly erroneous" or "contrary to law" standard. *See* Fed. R. Civ. P. 72(a). Here, Burks does not identify any particular legal or factual error in the Magistrate Judge's disposition of his Motion to Appoint Counsel (Doc. 3). (*See generally* Obj., Doc. 10, #44). The

8

Magistrate Judge correctly noted that indigent plaintiffs have no constitutional right to counsel in civil actions absent exceptional circumstances. (Order Denying Mot. to Appoint Counsel, Doc. 9, #42 (citing *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993))). And Burks fails to identify any exceptional circumstances that would support appointment of counsel in this case. In sum, Burks does not properly object to the Magistrate Judge's Order (Doc. 9) denying his Motion to Appoint Counsel (Doc. 3). Even if he did, the Magistrate Judge's Order (Doc. 9) was not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 8) and **OVERRULES** Burks' Objection (Doc. 10). To the extent that Burks' Objection (Doc. 10) pertains to the Magistrate Judge's Order (Doc. 9) denying Burks' Motion to Appoint Counsel (Doc. 3), the Court also **OVERRULES** the Objection. The Court **DISMISSES WITH PREJUDICE** all claims against all Defendants in the Complaint (Doc. 7) with the exception of Burks' claim against Keating for allegedly smearing human feces on his cell and personal property.

**SO ORDERED.**

November 8, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**