**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMUAL S. BURKS,                                        Case No. 1:20-cv-93
      Plaintiff,                                        Cole, J.
                                                       Litkovitz, M.J.


      vs.


OHIO DEPARTMENT OF REHABILITATION                      **REPORT AND**
IN CORRECTIONS, *et al.*,                              **RECOMMENDATION**
      Defendant.

    Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights.
(Doc. 7). On May 11, 2020, plaintiff was granted leave to proceed in forma pauperis. (Doc. 6).
The Court ordered plaintiff to promptly notify the Court of any changes in his address which
may occur during the pendency of this lawsuit. (Doc. 8). On November 19, 2021, mail from the
Court addressed to plaintiff was returned by the Post Office marked "RETURN TO SENDER,"
"VACANT," and "UNABLE TO FORWARD". (Doc. 12). There was a notation on the
envelope that plaintiff was "RELEASED ON 10/20/2020." (*Id.*). There is no indication on the
docket that plaintiff has informed the Court of any changes in his address to date.

    On December 1, 2021, the Court issued an Order to plaintiff to show cause, in writing
and within 15 days of the date of its Order, why the Court should not dismiss this case for failure
to comply with a court order and lack of prosecution. (Doc. 13). The Order notified plaintiff
that failure to comply with the terms of the Order would result in a recommendation to the
District Judge that this action be dismissed. (*Id.*). To date, more than 15 days later, plaintiff has
not filed a response to the Order to Show Cause.

    "Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to
achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v.*

*Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

### IT IS THEREFORE RECOMMENDED THAT:

1.  This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: ___12/20/2021___

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JAMUAL S. BURKS,                                              Case No. 1:20-cv-93
             Plaintiff,                                       Cole, J.
                                                             Litkovitz, M.J.


             vs.


OHIO DEPARTMENT OF REHABILITATION
IN CORRECTIONS, *et al.*,
             Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).