UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMUAL S. BURKS,<br>  Plaintiff, | Case No. 1:20-cv-93<br>Cole, J<br>Litkovitz, M.J. |
| vs. | |
| OHIO DEPARTMENT OF REHABILITATION<br>IN CORRECTIONS, *et al.*,<br>  Defendants. | SUPPLEMENTAL REPORT<br>AND RECOMMENDATION |

This matter is before the Court on remaining defendant Matt Keating's motion to dismiss (Doc. 17).[1] Plaintiff has not filed a response. Defendant argues that plaintiff has failed to prosecute his case; specifically, plaintiff has failed to notify the Court of a change in his address upon his release to Adult Parole Authority supervision. (*Id.* at PAGEID 78). Defendant references the undersigned's prior Report and Recommendation recommending dismissal on the same basis. (*See* Doc. 14). Subsequent to this Report and Recommendation, the Court continues to receive returned mail addressed to plaintiff. (Docs. 15-16, 19).

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). By failing to keep the Court apprised of his current address, plaintiff has failed to diligently pursue the prosecution

---

[1] The other defendants named in this action were dismissed as parties by a prior order of the Court. (Doc. 11).

of this action.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 17) be **GRANTED**.

2. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/3/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMUAL S. BURKS,  
    Plaintiff,

Case No. 1:20-cv-93  
Cole, J  
Litkovitz, M.J.

vs.

OHIO DEPARTMENT OF REHABILITATION
IN CORRECTIONS, *et al.*,  
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).