# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JAMUAL S. BURKS,**

    **Plaintiff,**

v.

**OHIO DEPARTMENT OF REHABILITATION IN CORRECTIONS[1], et al.,**

    **Defendants.**

Case No. 1:20-cv-93
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on the Magistrate Judge's December 20, 2021, Report and Recommendation ("R&R," Doc. 14); on Defendant Matt Keating's Motion to Dismiss (Doc. 17); and on the Magistrate Judge's March 3, 2022, R&R (Doc. 20). Both R&Rs recommend that the Court dismiss this action for failure to prosecute. For the reasons stated more fully below, the Court **ADOPTS** both R&Rs (Docs. 14, 20), and thereby **GRANTS** Keating's Motion (Doc. 17) and **DISMISSES** this matter **WITHOUT PREJUDICE**.

Both R&Rs advised Plaintiff Jamual Burks that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 14, #65; Doc. 20, #87). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in

---

[1] While Burks uses this title in his Complaint (Doc. 7, #26), the Court takes judicial notice that the relevant Ohio state agency is in fact called the "Ohio Department of Rehabilitation & Correction." *See, e.g.*, "Ohio Department of Rehabilitation & Correction," drc.ohio.gov (last accessed April 20, 2022).

1

enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, Burks here needed to object to the first R&R by January 6, 2022 (which represents fourteen days under Fed. R. Civ. P. 6(a), plus an addition three days under Fed. R. Civ. P. 6(d), because the Clerk served the R&R on Burks by mail), and to the second R&R by March 20, 2022 (as the second R&R was also served by mail, Burks once again receives the benefit of the additional three days under Fed. R. Civ. P. 6(d)). The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Wilkins v. Mahlman*, No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same); *Brunner v. Bell*, No. 1:19-cv-575, 2021 WL 4480484, at *1 (S.D. Ohio Sept. 30, 2021) (same). Consistent with that, the Court has reviewed both R&R's here and determined that neither contains "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Both R&R's recommend dismissing Burks's claim against Keating, the only remaining claim in this action, for want of prosecution. (The Court has already

2

dismissed the other claims and Defendants in this action pursuant to its November 8, 2021, Opinion and Order (Doc. 11) adopting the Magistrate Judge's May 11, 2020, R&R (Doc. 8).)

In the first R&R, the Magistrate Judge based the recommendation to dismiss this case for want of prosecution on Burks's failure to respond in any way to her December 1, 2021, Order to Show Cause (Doc. 13). That Order, in turn, noted Burks's apparent failure to apprise the Court of changes in his address, resulting in mailings from the Court being returned as undeliverable. (*See id.* at #61). In the second R&R, the Magistrate Judge based the recommendation to dismiss this case for want of prosecution on Burks's failure to object to the first R&R or to respond in any way to Keating's Motion to Dismiss. (*See* Doc. 20 at #85).

It is a litigant's job to ensure that the Clerk's Office has a valid address for the litigant, and to update that address if it changes. *See Barber v. Runyon*, 23 F.3d 406 (Table), 1994 WL 163765, at *1 (6th Cir. May 2, 1994). The Court sees no clear error in either R&Rs conclusion that Burks's failure to comply with that requirement means that his case should be dismissed for want of prosecution. Accordingly, the Court **ADOPTS** both R&Rs (Docs. 14, 20). As a result, the Court **GRANTS** Keating's Motion to Dismiss (Doc. 17) and **DISMISSES WITHOUT PREJUDICE** Burks's Complaint (Doc. 7). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that for the foregoing reasons, an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth,* 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206 (2007). The Court

**DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

    **SO ORDERED.**

4/21/2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**